IN THE STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | |
|---|---|
| VERTO MEDICAL SOLUTIONS L.L.C, A DELAWARE LIMITED LIABILITY COMPANY AND SETH BURGETT,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY, A MEMBER COMPANY OF ALLIED WORLD ASSURANCE COMPANY HOLDINGS LTD,<br>Serve at: Missouri Director Of Insurance<br>301 West High Street, Room 530<br>Jefferson, City, MO 65101<br><br>Defendants. | Case No._____<br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION FOR DAMAGES**

COME NOW the Plaintiffs, Verto Medical Solutions, L.L.C. and Seth Burgett, by through their undersigned attorneys, and for their complaint against Defendant Allied World Specialty Insurance Company, state as follows:

**I.    PARTIES**

1.    Plaintiff Verto Medical Solutions, L.L.C (hereafter "Verto") is a Delaware limited liability company operating under its second amended and restated operating agreement which provided that Delaware law applies to the extent applicable and the substantive law of Missouri governs the operations of the company and which at all times relevant hereto maintained its principal place of business in the City of St. Louis, Missouri.

EXHIBIT 1

2. Plaintiff Seth Burgett ("Burgett") is the founder, President and Chief Executive Officer of Verto. He is also the controlling equity owner and director of Verto and is a resident of the State of Illinois.

3. Defendant Allied World Specialty Insurance Company (hereafter "Allied World") is a member company of Allied World Assurance Company Holdings Ltd. that is registered to do business in the State of Missouri, is registered by the Missouri Division of Insurance and maintains its registered agent and registered home address as 251 Little Falls Drive, Wilmington, DE 19808.

## II. JURISDICTION AND VENUE

4. Venue and jurisdiction of this Court is proper as the incidents giving rise to this claim occurred here, the insurance policy at issue in this case was issued to Plaintiffs at 20 South Sarah Street in the City of St. Louis and, under the provisions of §508.010 RSMo, venue is proper herein.

## III. GENERAL ALLEGATIONS

5. Defendant Allied World is in the business of writing and selling insurance, including directors and officers liability insurance policies, in interstate commerce through agents and brokers to commercial enterprises, including those operating in the State of Missouri.

6. Defendant Allied World wrote, sold and bound coverage to Plaintiffs with a ForceField Private Company Management Liability Package Policy, Policy #0309-9667, providing director and officer liability insurance on or about January 13, 2016, with a liability limit of two million dollars through its authorized broker in Missouri.

7. Defendant Allied World's policy was issued and listed its named insured as: Verto Medical Solutions, LLC, 20 South Sarah St., St. Louis, MO 63108 and also named Seth Burgett as an additional insured.

2

1757786 / 190317

8. Plaintiff Burgett founded Verto as a Delaware limited liability company in 2008.

9. Verto manufactured and sold patented sports earphones (trade named Yurbuds) at its manufacturing and assembly facility in St. Louis, Missouri.

10. Between 2008 and 2014 Verto raised funds from qualified investors through the sale of securities including notes.

11. In the early summer of 2014, Verto was approached by Harman International Industries, Inc., an established manufacturer of audio products, for the purpose of purchasing Verto's business and assets and such asset purchase transaction was consummated in June 2014.

12. In early April 2016, certain shareholders wrote contentious letters to Burgett threatening litigation.

13. Verto and Burgett provided timely notice and tender of said threatened claims to Allied World and Allied World denied defense and indemnity.

14. On July 11, 2016, more than 60 shareholders of Verto filed suit in the Iowa District Court for Polk County -- *Vander Weide,* sub nom, *Dee et al v. Burgett* Case No. LACL 135549 -- against Seth Burgett, alleging six different theories of recovery: fraud, breach of fiduciary duty, breach of contract, promissory estoppel, unjust enrichment, and conversion.

15. Verto and Burgett provided timely notice and tender of said lawsuit to Allied World and Allied World denied defense and indemnity.

16. After discovery and dispositive motion practice, the case of *Vander Weide,* sub nom, *Dee et al v. Burgett* Case No. LACL 135549 went to trial before the Honorable Michael Huppert in the Polk County District Court on July 30, 2018. At the close of the evidence, Judge Huppert directed a verdict for Defendant Burgett on all claims and dismissed the case.

17. The Vander Weide Plaintiffs timely filed a notice of appeal to the Iowa Supreme Court. The filing of briefs and a joint appendix has been completed and the appeal awaits submission.

18. Verto and Burgett provided timely notice and tender of said appeal of claims to Allied World and Allied World again denied defense and indemnity.

## COUNT I

## BREACH OF CONTRACT

19. Plaintiffs adopt and re-allege as if the same were set forth here in full paragraphs 1 through 18 herein.

20. Allied World Policy #0309-9667 provided, inter alia, that for and inconsideration of the payment of premium, Allied World would, pursuant to the policy, provide insurance against certain claims made against Verto and its officers and directors as additional insureds, up to a policy limit of $2,000,000.00.

21. The Allied World policy of insurance additionally provided that if Verto or its designee tendered the defense of a claim under the policy, Allied World "shall assume the defense of such claim."

22. Plaintiffs Verto and Burgett have complied with the terms of the policy of insurance, ForceField Private Company Management Liability Package Policy #0309-9667 issued by Allied World, by paying the premium due at inception, have tendered claims for defense and indemnity under the policy by providing *, inter alia,* an attorney demand letter written April 29, 2016 on behalf of Jason Hellickson, Ron King, and numerous members of Verto alleging conduct by Burgett which would trigger both a defense obligation and an

indemnity obligation on the part of Allied World, and have, after service of the petition referenced above, again tendered the claim to Allied World.

23. By letter dated August 23, 2016, Allied World by and through its claims services provider, LVL Claims Services, LLC, declined to provide any coverage for the suit brought by Vander Weide and some sixty other shareholders against Seth Burgett in the Iowa District Court for Polk Count filed July 11, 2016. Allied World's claims service provider stated: "Allied World shall neither defend nor indemnify Yurbuds [a product line of Verto], Seth Burgett ("Mr. Burgett) or any other insured in connection with this matter."

24. The August 23, 2016 letter went on to detail Allied World's purported rationale for declining coverage. Verto and Burgett replied through counsel, pointing out that the Polk County District Court petition contained claims that were clearly covered. Counsel for Verto and Burgett characterized Missouri law, consistent with insurance policy interpretation law nationally, by stating the insurer's duty to defend was broader than the duty to indemnify. Counsel for Verto and Burgett requested Allied World reconsider its declination of coverage.

25. Allied World continued to refuse to provide any defense or indemnity and therefore is and has been in continuous breach of its obligations in the ForceField Private Company Management Liability Package insurance Policy #0309-9667.

26. Verto and Burgett have continued to comply with the terms of Allied World Policy by employing counsel and vigorously defending Burgett through Trial and now on appeal.

27. Allied World's breach of its contract has directly and proximately caused Burgett and Verto damage in that they have been required to engage attorneys to defend the Vander Weide litigation, have thereby incurred great expense, and potentially face adverse judgment.

28. In his successful defense of the claims brought against him, including the defense of the appeal now pending in the Iowa Supreme Court, attorney's fees and litigation expenses incurred now exceed $600,000.00 and continue to accrue.

WHEREFORE, plaintiff prays judgment against Defendant Allied World in an amount equal to its costs of defense, any applicable satisfaction of any adverse judgment and/or indemnification, for their attorneys' fees in defending the underlying action(s) and appeal(s), for their attorneys' fees in investigating and pursuing this action, litigation expenses, for statutory penalties for vexatious refusal to defend and indemnify, for their costs in this behalf expended, for lost interest on the funds expended in defending the underlying action(s) and appeal(s) and interest as allowed by law and for such other and further relief as is just and proper.

## COUNT II

## VEXATIOUS REFUSAL TO PAY

29. Plaintiffs adopt and re-allege as if the same were set forth here in full paragraphs 1 through 28 herein.

30. The Allied World insurance Policy #0309-9667 issued to Verto Medical Solutions, LLC contains, *inter alia,* the following provisions:

> a) On the Front Page above DECLARATIONS the following language appears in bold capital letters: THE INSURER DOES NOT ASSUME THE DUTY TO DEFEND ANY CLAIM UNDER ITS POLICY; HOWEVER IF THE INSURED TENDERS THE DEFENSE OF ANY CLAIM TO THE INSURER IN ACCORDANCE WITH THE TERMS HEREIN, THE INSURER SHALL ASSUME THE DEFENSE OF SUCH CLAIM.

6

1757786 / 190317

Electronically Filed - City of St. Louis - April 24, 2019 - 11:01 AM

    b)    On page 13 of 15 of the Policy at Section V. E. entitled "Right to Tender Defense" provides that the insureds have the right to tender the defense of a claim to the insurer by giving written notice of the claim within thirty days of the date the claim is made. The insurer is then obligated to assume the defense of the claim even if the claim is "groundless, false, or fraudulent."

    c)    On page 8 of 15 of the Policy at Section II. 5. Entitled "Wrongful Act"; the policy describes the conduct for which it provides insurance to an officer or director. "Wrongful Act" means "any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement or misleading statement by an Insured Person in his or her capacity as such, or any matter claimed against an insured person by reason of his status as such."

31. Verto and Burgett properly tendered the defense of the lawsuit filed against him in the Iowa District Court for Polk County on July 11, 2016 before suit was filed, immediately after suit was filed, and thereafter.

32. In an August 23, 2016 letter, Allied World's claims service provider summarized the D&O coverage section of the Allied World policy and stated that Burgett is an "Insured"; that the demand letter and petition constitute "claims" of "wrongful conduct" as defined by the Policy.

33. The claims service provider stated her conclusion as follows: <u>Although this matter constitutes Claim against the Insured for an Alleged Wrongful Act, the policy will not afford coverage for any Insured for the reasons set forth below.</u> (Emphasis in original).

Electronically Filed - City of St. Louis - April 24, 2019 - 11:01 AM

34. Allied World denied a defense and indemnity and it repeatedly, and wrongfully, refused to reconsider its coverage decision and Plaintiffs were forced to retain Iowa counsel to defend the suit brought in Polk County District Court in July of 2016.

35. Burgett and Verto retained counsel who vigorously defended discovery, motion practice and a trial.  At the close of the evidence, the District Court dismissed the Vander Weide case.  The following claims as pled were tried: breach of contract, breach of fiduciary duty, fraud, promissory estoppel, and unjust enrichment.

36. The conduct of Allied World in repeatedly failing and refusing to provide a defense and pay the attorney's fees, and litigation costs as well as failing to honor its obligation to provide insurance coverage for Burgett is wrongful and vexatious within the meaning of §§375.296 and 375.420 RSMo.

37. Plaintiffs have met all conditions precedent of the insurance policy and have made demand on defendant and to meet its contractual obligations and it has failed and refused to do so.

38. Such refusal by defendant is wrongful, improper, vexatious and contrary to the contract of insurance at issue herein.

WHEREFORE, plaintiff prays judgment against Defendant Allied World in an amount equal to its costs of defense, any applicable satisfaction of any adverse judgment and/or indemnification, for their attorneys' fees in defending the underlying action(s) and appeal(s),  for their attorneys' fees in investigating and pursuing this action, litigation expenses, for statutory penalties for vexatious refusal to defend and indemnify, for their costs in this behalf expended, for lost interest on the funds expended in defending the underlying action(s) and appeal(s) and interest as allowed by law and for such other and further relief as is just and proper.

GRAY, RITTER & GRAHAM, P.C.

1757786 / 190317

Electronically Filed - City of St. Louis - April 24, 2019 - 11:01 AM

Electronically Filed - City of St. Louis - April 24, 2019 - 11:01 AM

By: **/s/Morry S. Cole**
Morry S. Cole          #46294
Attorneys for Plaintiff
701 Market Street, Suite 800
St. Louis, MO  63101-1826
(314) 241-5620; fax: (314) 241-4140
mcole@grgpc.com

1757786 / 190317