**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| VERTO MEDICAL SOLUTIONS L.L.C, et al.,<br><br>   Plaintiffs,<br><br>        v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY, A MEMBER COMPANY OF ALLIED WORLD ASSURANCE COMPANY HOLDINGS LTD,<br><br>   Defendant. | Case No. 4:19-CV-01532 |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Verto Medical Solutions, L.L.C. and Seth Burgett, by and through their undersigned attorneys, submit this short sur-reply in opposition to Defendant Allied World Specialty Insurance Company's Motion to Dismiss in order to clarify and respond to three key points.

First, Defendant argues that each of the causes of action in the underlying Iowa suit stems exclusively from a contractual breach. Plaintiffs disagree. Defendant seeks to direct attention to a few cherry-picked quotations from, and incomplete descriptions of, the causes pled in the Iowa suit. However, even a cursory review of the entire Iowa pleading makes clear that multiple counts therein do not arise from claims of a contractual breach. Notably, not all the plaintiffs in the Iowa suit (and namely, the original lead plaintiff) were even *signatories* to the reallocation agreements at issue in that suit; and other Iowa plaintiffs had signed the agreements pertaining to only part of their shares. Paragraph 76 of the Iowa suit (Doc. No. 9-3) references similarities in the agreements

among "members who signed the agreements" but does not specify (nor was it the case) that all Iowa plaintiffs were members who did, in fact, sign the reallocation agreements. Indeed, not all Iowa plaintiffs were even allowed to maintain claims for breach of contract in the Iowa suit.

Moreover, the Allied World policy specifically afforded coverage for derivative claims in Section III(I), exception (2). *See* Doc. No. 9-2 at 51. Paragraphs 104(c), 110, and 11 (among others) of the Iowa suit (Doc. No. 9-3) underscore that the Iowa plaintiffs' claims, especially as they related to purported breach of fiduciary duty, were at least partially derivative in nature. Other paragraphs of the Iowa suit (*see, e.g.,* ¶¶ 93-99) emphasize elements of straightforward claims for breach of fiduciary duty and conversion, unrelated to any purported contractual breach. And finally, it bears repeating that some claims in the Iowa suit (e.g., unjust enrichment) literally cannot be maintained except in the *absence* of a written agreement.

Thus, the Iowa suit did not arise exclusively (or even predominantly) out of a contractual breach. Because the Iowa suit contained at least some claims that clearly gave rise to a duty to defend, Defendant was under an obligation to accept tender of the defense—and breached its obligations to Plaintiffs by failing to do so. *Lampert v. State Farm Fire & Cas. Co.*, 85 S.W.3d 90 (Mo. Ct. App. 2002). But even more critically, Defendant glosses over a foundational missing link in its argument: if an exclusion for contractually-based liability was not a valid and enforceable part of the insurance agreement, whether the causes of action in the Iowa suit stemmed from a breach of contract is not relevant, let alone dispositive.

Second, and relatedly, Defendant's Reply correctly outlines an insurer's duty to defend (and ensuing liability for a failure to meet that duty). *See* Doc. No. 12 at 12, citing *Landie v. Century Indem. Co.*, 390 S.W.2d 558 (Mo. App. W.D. 1965). However, the Reply then argues that "there is no coverage for [the Iowa suit] under the insurance policy by virtue of a number of

2

exclusions, including, but not limited to, the contractual liability exclusion [Exclusion D] in Endorsement 11." Doc. No. 12 at 12. In its Reply, despite discussion of "a number of exclusions," Defendant suggests no exclusion, aside from Exclusion D in Endorsement 11, that could possibly have precluded coverage of the Iowa suit. Plaintiffs have demonstrated that Endorsement 11 was superseded by Endorsement 13 and is not a part of the Policy. Defendant claims the endorsements should be read in harmony. However, it is impossible to read the endorsements in harmony without Endorsement 11 being deleted and/or a glaring conflict so as to create an ambiguity that must be resolved in favor of coverage.

Endorsement 13 of the insurance agreement reads as follows: "Section III., Exclusions A., B., C. and D. (including the paragraph immediately following paragraph C.) are deleted in their entirety . . ." Plaintiffs agree with Defendant's assertion: Missouri "prefers a contract construction that gives meaning to all provisions of an instrument to a construction that leaves a portion of the writing useless and inexplicable." *Martin v. United States Fid. & Guar. Co.*, 996 S.W.2d 506, 511 (Mo. 1999) (cited in Doc. No. 12 at 12, 15). That's exactly why the Court should reject a reading of Endorsement 13 that renders the phrase "Exclusion[] D. . . . [is] deleted" useless and inexplicable. At best, this language creates an ambiguity that cannot be construed in favor of the insurer (or the drafter of the agreement). Missouri law on this point could not be more clear:

> An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions . . . Missouri also **strictly construes exclusionary clauses against the drafter**, who also bears the burden of showing the exclusion applies.

*Burns v. Smith*, 303 S.W.3d 505, 509–10 (Mo. 2010) (internal citations and quotation marks omitted) (emphasis added).

3

Third, Defendant's focus on the declaratory judgment action is misplaced. The declaratory judgment Defendant cites to was filed before the Iowa case, and it was dismissed without entry of judgment. A previously-filed, separate action is not necessary to—or appropriate for—the Court's consideration of a motion to dismiss. The Eighth Circuit has observed (and agreed) that "[m]ost courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). Defendant submits the declaratory judgment pleadings for purposes of attempting to substantiate their purported coverage defense, based on Mr. Burgett's general characterizations in those pleadings. This makes consideration of the declaratory action improper.

Defendant's focus on the declaratory judgment action is also irrelevant. Even if the Court considers the declaratory judgment action, it should not alter the Court's analysis. Defendant argues that Plaintiff Burgett's generalized characterizations in the declaratory judgment action—including that he and the Iowa plaintiffs had a "disagreement over the meaning of the operative terms of the Reallocation Agreement[]," and that "[a] controversy exists regarding the Reallocation Agreements"—automatically preclude coverage of the Iowa suit by the Allied World policy. To be clear, Defendant is arguing that Plaintiff's general description of an underlying dispute is conclusive evidence that each and every count of a later-filed lawsuit must be barred by an insurance agreement's (hypothetical) exclusionary clause.

This is a meritless argument, particularly under this Court's precedent. Plaintiff Burgett's broad characterization in a separate, previously-filed case is not a substitute for the Court's analysis of whether the insurance agreement provided coverage for the claims that were actually filed,

4

maintained, and tried in the Iowa suit. Such is exactly what Judge Fleissig explained in her opinion in the *Spirtas* case, which the Eighth Circuit affirmed on appeal: "in determining coverage, this Court must look to the **actual** claims" asserted in the underlying lawsuit, not to the way the parties have summarized or characterized the claims. *Spirtas Co. v. Fed. Ins. Co.*, 481 F. Supp. 2d, 993, 997 (E.D. Mo. 2007) (emphasis added). The declaratory judgment action is irrelevant.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully urge the Court to deny Defendant's Motion to Dismiss.

Respectfully submitted,

**GRAY, RITTER & GRAHAM, P.C.**

**/s/Morry S. Cole**
Morry S. Cole                    #46294
*Attorney for Plaintiff*
701 Market Street, Suite 800
St. Louis, MO  63101-1826
(314) 241-5620; fax: (314) 241-4140
mcole@grgpc.com

5