UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERTO MEDICAL SOLUTIONS, LLC ) <br> and SETH BURGETT, ) <br> ) <br> Plaintiffs/Counterclaim Defendants, ) <br> ) <br> vs. ) <br> ) <br> ALLIED WORLD SPECIALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant/Counter Claimant. ) | Case No. 4:19-CV-01532-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs and Counterclaim Defendants Verto Medical Solutions, LLC and Seth Burgett's (collectively, "Plaintiffs") Motion to Dismiss (Doc. 39). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 14). For the following reasons, Plaintiffs' Motion will be **DENIED**.

### I. Background

Plaintiff and Counterclaim Defendant Seth Burgett ("Burgett") was the founder of Plaintiff and Counterclaim Defendant Verto Medical Solutions, LLC ("Verto"). Burgett also served on the Verto board of directors during the relevant period. Verto manufactured and sold patented sports earphones called "Yurbuds." In 2014, Verto agreed to sell the business and assets of Verto to Harman International Industries, Inc. ("Harman") (the "Harman Sale Transaction"). In August 2014, Burgett entered into a series of written agreements with several Verto shareholders in which Burgett agreed to pay a portion of certain proceeds he personally received from the Harman Sale Transaction to these Verto members (the "Reallocation Agreements"). Burgett subsequently became an employee of Harman and was later terminated.

Burgett negotiated a settlement with Harman on behalf of himself, with respect to his employment claims, and on behalf of Verto (the "Harman Settlement"). Burgett distributed $1.6 million of the settlement funds to himself and one other member.

On January 13, 2016, Defendant Allied World provided Verto director and officer liability insurance with a policy limit of $2,000,000 under a ForceField Private Company Management Liability Package Policy, Policy #0309-9667 (the "Policy"). On July 11, 2016, sixty individuals who were investors and owned "membership units" in Verto (hereinafter the "Iowa plaintiffs") filed a petition in the District Court of Polk County, Iowa against Burgett generally asserting that the Harman Settlement proceeds paid to Burgett constituted an earn-out under the Reallocation Agreements and thus should be properly distributed to the Iowa plaintiffs (the "Iowa lawsuit") (Doc. 9-3). *See Vander Weide v. Burgett*, LACL135549 (Dis. Ct. Polk Cnty. Iowa 2016). The trial court entered a directed verdict for Burgett on all claims and dismissed the case. At the time of filing the current action, the Iowa lawsuit was on appeal and a decision had not yet been rendered. During the pendency of this action, the Iowa state appellate court reversed and remanded the Iowa lawsuit as to the claim of breach of fiduciary duty for some of the Iowa plaintiffs and the case is currently set for trial on June 13, 2022. *Dee v. Burgett*, No. 18-1537, 2020 WL 4577116, *30 (Iowa Ct. App. 2020).

On April 24, 2019, Plaintiffs filed this action against Allied World in the Circuit Court of St. Louis County, Missouri for breach of contract (Count I) and Vexatious Refusal to Pay (Count II) (Doc. 5). Plaintiffs generally assert that Allied World wrongfully refused to defend Verto in the Iowa lawsuit (*Id.*). On May 30, 2019, Allied World timely removed the matter to this Court (Doc. 1). On June 6, 2019, Defendant Allied World filed a Motion to Dismiss in which it asserted that Plaintiffs failed to state a claim for breach of contract because the insurance policy

2

unambiguously excluded coverage for the Iowa lawsuit (Docs. 8, 9). Allied World further asserted that Plaintiffs failed to state a claim for vexatious refusal to pay because Plaintiffs could not state a claim for breach of contract and a vexatious refusal to pay claim cannot be a stand-alone claim (*Id.*). On November 4, 2019, the Court granted Allied World's Motion to Dismiss and dismissed this action. However, on appeal, the Eighth Circuit Court of Appeals reversed this Court's judgment and remanded the matter for further proceedings consistent with their opinion. The Court thus reopened the action and, after a status conference on June 9, 2021, set a new case management schedule.

On June 30, 2021, Allied World filed its answer, affirmative defenses, and counterclaim to Plaintiffs' Petition. Among its affirmative defenses, Allied World raises defenses as they relate to the duty to indemnify. In its counterclaim, Allied World seeks declarations under 28 U.S.C. § 2201 that (1) the policy affords no coverage to Verto for the Iowa action; (2) the policy affords no coverage to Seth Burgett; and (3) coverage is excluded for Seth Burgett (Doc. 38). Plaintiffs now move to dismiss Verto's Counterclaim as unnecessarily redundant and, alternatively, move to dismiss Counts II and III of the Counterclaim for failure to state a claim (Doc. 39).

## II. Analysis

### A. Redundancy

A civil defendant is entitled to assert, by way of counterclaims, all issues, claims and relief that are related to the facts alleged in the complaint. *Bailey–Todd v. Washington Univ.*, No. 4:14CV00384 TIA, 2015 WL 331803, at *2 (E.D. Mo. Jan. 23, 2015) (citing *Chapman v. Washington Univ.*, No. 4:12CV01892 CAS, 2013 WL 3716391, at *2 (E.D. Mo. July 12, 2013)). Counterclaims for declaratory relief are to be dismissed as redundant only where all issues

arising from the action's nucleus of operative facts are adequately addressed by the complaint and the counterclaimant's affirmative defenses. *Fidelity Nat. Title Ins. Co.*, 788 F. Supp. 2d 970, 973 (E.D. Mo. 2011).  Thus, a counterclaim will not be dismissed as redundant unless "a complete identity of factual and legal issues exist[s] between the complaint (and answer thereto) and counterclaim." *Id.* (citing *Handi–Craft Co. v. Travelers Cas. & Surety Co. of Am.*, No. 4:12CV63 JCH, 2012 WL 1432566, at *3 (E.D. Mo. Apr. 25, 2012)).  "The party seeking the dismissal bears the burden of demonstrating that 'complete identity.'" *Jones v. Henry Indus., Inc.*, No. 4:16CV1184 SNLJ, 2017 WL 513038, at *5 (E.D. Mo. Feb. 8, 2017).  "[I]f it cannot be determined early in the litigation if the counterclaim is identical to the complaint, 'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" *Fidelity Nat. Title Ins. Co.*, 788 F. Supp. 2d at 973 (quoting *Richmond v. Centurion Exteriors, Inc.*, No. 3:10–0734, 2010 WL 3940592, at *1 (M.D. Tenn. Oct. 6, 2010)).  *See also* Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, 6 Fed. Prac. & Proc. § 1406 (3d ed.) (noting dismissal for redundancy is disfavored early in the litigation "because it ignores the possibility that it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial").  Moreover, parties have wide discretion to plead alternative forms of the same defenses, and there is no blanket prohibition on a party raising affirmative defenses by declaratory action.  *See* Fed. R. Civ. P. 8(d); *Post Performance, LLC v. Renaissance Imports, Inc.*, 333 F. Supp. 2d 834, 838 (E.D. Mo. 2004) ("[C]ourts regularly consider the merits of affirmative defenses raised by declaratory plaintiffs.").

The Court disagrees that a complete identity of factual and legal issues exists and that Allied World's Counterclaim is redundant of Plaintiffs' claims such that a decision on Plaintiffs'

4

Petition will render Allied World's Counterclaim moot. Plaintiffs raise claims for breach of contract and vexatious refusal to pay, largely on the basis that Allied World failed to meet its duty to defend. Allied World, on the other hand, requests a declaration that neither Verto nor Burgett are covered based on various specific exclusions and coverage interpretations. Admittedly, the line between an insurer's duty to defend and duty to indemnify is a fine one. *See Allen v. Cont'l Western Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014) (quotation omitted) ("The insurer's duty to defend, though broader than its duty to indemnify, arises only when 'there is a potential or possible liability to pay based on the facts at the outset of the case.'"). Although Plaintiffs' Petition inevitably refers to the duty to indemnify, a review of the document as a whole and in the context of the status of the current litigation and the Iowa lawsuit indicates that Plaintiffs generally seek the costs associated with the defense of the Iowa lawsuit. Indeed, upon review of Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs seek resolution as it relates to the duty to defend (*See, e.g.,* Doc. 45 at 4). Further, even if the Court were to construe Plaintiffs' Petition as raising an issue as to the duty to indemnify, Allied World's Counterclaim would not be a mirror image of the claim as the Counterclaim cited specific provisions and exclusions that Allied World claims bars coverage under the Policy. *Kansas City Afr. Mkt., Inc. v. Mount Vernon Fire Ins. Co.*, No. 12-1103-CV-W-FJG, 2012 WL 5904308, at *3 (W.D. Mo. Nov. 26, 2012) (finding the counterclaim was not a mirror image of the complaint because the counterclaim cited specific exclusions that the defendant claimed barred coverage under the policy while the plaintiff's complaint asserted breach of contract and vexatious refusal to pay).

**B. Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides

for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

Plaintiffs assert that Allied World's Counterclaim Counts II and III fail to state a claim on which relief can be granted.  Plaintiffs largely contend, contrary to Allied World's allegation, that Burgett was acting in his capacity as an Insured Person, as an executive or employee of Verto.  In support of their assertion, Plaintiffs direct the Court to review the specific claims of the Iowa plaintiffs.  While the pleadings in the Iowa lawsuit will ultimately be informative regarding Allied World's obligations, if any, to Burgett under the Policy, they alone are not determinative, and these other matters require discovery.  Thus, a motion seeking dismissal of

6

Allied World's claims for declaratory relief as to these matters at this stage of the litigation is premature.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs and Counterclaim Defendants Verto Medical Solutions, LLC and Seth Burgett's Motion to Dismiss (Doc. 39) is **DENIED.**

Dated this 20th day of January, 2022.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE