UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERTO MEDICAL SOLUTIONS, LLC and SETH BURGETT,  Plaintiffs/Counterclaim Defendants, vs. ALLIED WORLD SPECIALTY INSURANCE COMPANY,  Defendant/Counter Claimant. | Case No. 4:19-CV-01532-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs and Counterclaim Defendants Verto Medical Solutions, LLC and Seth Burgett's (collectively, "Plaintiffs") Motion for Partial Summary Judgment (Doc. 43). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 14). For the following reasons, Plaintiffs' Motion will be **DENIED, without prejudice**.

Plaintiffs filed this action against Allied World in the Circuit Court of St. Louis County, Missouri for Breach of Contract (Count I) and Vexatious Refusal to Pay (Count II) (Doc. 5). Plaintiffs generally assert that Allied World wrongfully refuses to defend Verto and Burgett in an Iowa state lawsuit (*Id.*). On May 30, 2019, Allied World timely removed the matter to this Court (Doc. 1). On June 6, 2019, Defendant Allied World filed a Motion to Dismiss in which it asserted that Plaintiffs failed to state a claim for breach of contract because the insurance policy unambiguously excluded coverage for the Iowa lawsuit (Docs. 8, 9). Allied World further asserted that Plaintiffs failed to state a claim for vexatious refusal to pay because Plaintiffs could not state a claim for breach of contract and a vexatious refusal to pay claim cannot be a stand-

alone claim (*Id.*). On November 4, 2019, the Court granted Allied World's Motion to Dismiss and dismissed this action. However, on appeal, the Eighth Circuit Court of Appeals reversed this Court's judgment for Allied World and remanded the matter for further proceedings consistent with their opinion. The Court thus reopened the action and, after a status conference on June 9, 2021, set a new case management schedule which, relevant for the current motion, sets a discovery deadline of February 25, 2022.

On June 30, 2021, Allied World filed its answer, affirmative defenses, and counterclaim to Plaintiffs' Petition. In its counterclaim, Allied World seeks declarations under 28 U.S.C. § 2201 that (1) the policy affords no coverage to Verto for the Iowa action; (2) the policy affords no coverage to Seth Burgett; and (3) coverage is excluded for Seth Burgett (Doc. 38). On July 21, 2021, Plaintiffs filed a Motion to Dismiss Allied World's Counterclaim which the Court has denied (Docs. 39, 55).

On August 6, 2021, Plaintiffs filed the current motion seeking "judgment in their favor on all matters of liability presented in Plaintiffs' Petition for Damages" (Doc. 43). In response, Allied World maintains that Plaintiff's Motion is premature, as the parties have not had time to engage in discovery (Doc. 50). In support of its assertion, Allied World provides the declaration from attorney of record, Angela M. Clark, in which she attests to the need for discovery in several areas, including matters outside the insurance policy and allegations of the Iowa lawsuit (Doc. 52-2).

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party demonstrates that there is no genuine

2

issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

"'As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (internal quotation omitted)). "'Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.'" *Id.* at 1050 (quoting *Iverson*, 172 F.3d at 530). Under Rule 56(d), however, the nonmovant must present an affidavit or declaration showing what "further discovery might uncover, or what information further discovery might reveal." *Id.* (internal quotations and citations omitted). "The purpose of Rule 56(d) is 'to provide an additional safeguard against an improvident or premature grant of summary judgment ... and [the rule] should be applied with a spirit of

3

liberality.'" *Desirey v. Huawei Device USA, Inc.*, No. 4:13CV445 SNLJ, 2013 WL 5676310, at *1 (E.D. Mo. Oct. 18, 2013) (quoting *U.S. ex. rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)).

Upon review of the record, the Court notes that this case is in the early stages of litigation, as little or no discovery had been conducted at the time the current Motion for Partial Summary Judgment was filed. Specifically, the Court entered a Case Management Order on June 9, 2021, establishing a close of discovery deadline of February 25, 2022. On July 21, 2021, Plaintiffs filed a Motion to Dismiss and shortly thereafter, on August 6, 2021, filed the Motion for Partial Summary Judgment. Although Plaintiffs argue that additional discovery is not warranted because their motion relies on contract interpretation, a matter of law, courts have found it proper to allow discovery even in actions, such as this one, involving the interpretation and applicability of an insurance contract. *See Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014). Allied World has made a good faith showing that additional discovery may inform its response to Plaintiffs' Motion for Partial Summary Judgment. Under these circumstances the Court agrees Plaintiffs' motion is premature, and thus will deny Plaintiffs' Motion for Summary Judgment without prejudice. *See Shuck v. International Ass'n of Machinists and Aerospace Workers, Dist. 837*, No. 4:14CV288 RLW, 2014 WL 5766640, at *3 (E.D. Mo. Nov. 5, 2014) (denying plaintiff's motion for partial summary judgment as premature where discovery deadlines had not lapsed and defendant demonstrated it did not have adequate time to complete discovery and file a response); *Desirey*, 2013 WL 5676310, at *2 (granting plaintiff additional time to take discovery to fully respond to defendants' summary judgment motion); *M.R. v. Twin City Fire Ins. Co.*, No. 4:12CV0632 AGF, 2013 WL 150259, at *1 (E.D. Mo. Jan. 14, 2013) (denying as premature plaintiff's motion for partial summary judgment where defendant did not have sufficient time to

4

conduct discovery, and defendant "identified specific discovery it has requested from Plaintiff that bears on the issues raised by Plaintiff")).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs and Counterclaim Defendants Verto Medical Solutions, LLC and Seth Burgett's Motion for Partial Summary Judgment (Doc. 43) is **DENIED, without prejudice**.

Dated this 20th day of January, 2022.

                                                                 /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE